NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210465-U

NO. 4-21-0465

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
July 1, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| RYAN MICHAEL SCHUTZ, | ) | No. 13CF873 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John C. Costigan, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Knecht and Justice Steigmann concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The appellate court affirmed, concluding postconviction counsel complied with
Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), thus rendering reasonable
assistance of counsel.

¶ 2     In April 2018, defendant, Ryan Michael Schutz, filed a *pro se* postconviction

petition pursuant to section 122-1 of the Post-Conviction Hearing Act (Postconviction Act) (725

ILCS 5/122-1 (West 2016)), asserting trial counsel Jane Foster represented him under a conflict

of interest. In June 2018, the trial court advanced defendant's petition to the second stage of

postconviction proceedings and appointed counsel to represent defendant. In November 2018,

appointed counsel filed an amended postconviction petition alleging Foster represented

defendant under a conflict of interest. Subsequently, the State filed a motion to dismiss

defendant's amended postconviction petition, arguing defendant's conflict of interest claim was

barred by *res judicata*.

¶ 3　　　　　In December 2018, after a hearing on the State's motion to dismiss, the trial court granted the State's motion to dismiss, finding this court rejected the same issue on direct appeal (*People v. Schutz*, 2017 IL App (4th) 140956, 79 N.E.3d 849) thus, the issue was barred by *res judicata*. Defendant appealed the trial court's order granting the State's motion to dismiss. On appeal, this court reversed and remanded because postconviction counsel failed to file a certificate demonstrating compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and the record did not otherwise demonstrate compliance with Rule 651(c). *People v. Schutz*, 2020 IL App (4th) 190056-U.

¶ 4　　　　　On remand, postconviction counsel filed a Rule 651(c) certificate. In the certificate, counsel provided that he (1) consulted with defendant to ascertain defendant's contention of deprivation of constitutional rights, (2) examined the record of proceedings at trial, and (3) "stands on the previously filed petition (filed Nov. 1, 2018) of the Defendant's proceedings." Following an August 10, 2021, hearing on the State's renewed motion to dismiss defendant's November 1, 2018, amended postconviction petition, the trial court dismissed defendant's amended postconviction petition, finding the petition was barred by *res judicata*.

¶ 5　　　　　Defendant appeals, arguing the trial court's dismissal of his amended postconviction petition should be reversed and the matter remanded for further second stage proceedings because he was denied reasonable assistance of postconviction counsel where counsel failed to comply with Rule 651(c). We affirm.

¶ 6　　　　　　　　　　　　　　　I. BACKGROUND

¶ 7　　　　　　　　　　　　　　　A. Direct Appeal

¶ 8　　　　　In July 2013, the State charged defendant with (1) four counts of criminal sexual assault while holding a position of trust (720 ILCS 5/11-1.20(a)(4) (West 2012)); (2) four counts

of criminal sexual assault by force or threat of force (720 ILCS 5/11-1.20(a)(1) (West 2012));
(3) four counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(d) (West 2012)); and
(4) two counts of providing alcohol to a minor (235 ILCS 5/6-16(a)(iii) (West 2012)). Following
a March 2014 bench trial, the trial court found defendant guilty of one count of criminal sexual
assault, one count of aggravated criminal sexual abuse, and two counts of providing alcohol to a
minor. In July 2014, the court sentenced defendant to 12 years' imprisonment.

¶ 9        On direct appeal, defendant argued Foster represented him under a *per se* conflict
of interest and an actual conflict of interest where Foster simultaneously represented defendant
and Kristopher Johnson, a prosecution witness. *Schutz*, 2017 IL App (4th) 140956, ¶¶ 19, 34. In
June 2017, this court found no conflict of interest and affirmed defendant's conviction. *Id.*
¶¶ 42, 46.

¶ 10                        B. Postconviction Petition

¶ 11        In April 2018, defendant filed a *pro se* postconviction petition pursuant to section
122-1 of the Postconviction Act (725 ILCS 5/122-1 (West 2016)), asserting Foster represented
him under a conflict of interest. In June 2018, the trial court advanced defendant's petition to
second stage postconviction proceedings, stating, "at least one of the grounds for relief alleged
refers to matters outside of the record and is not directly refuted by the record" and appointed
counsel to represent defendant. In November 2018, appointed counsel filed an amended
postconviction petition alleging Foster represented defendant under a conflict of interest.
Subsequently, the State filed a motion to dismiss defendant's amended postconviction petition,
arguing defendant's conflict of interest claim was barred by *res judicata*. In December 2018,
after a hearing on the State's motion to dismiss, the trial court granted the State's motion to
dismiss based on *res judicata* where defendant raised the issue on direct appeal.

¶ 12       On January 24, 2019, defendant filed a notice of appeal. On February 13, 2019, this court granted defendant leave to file a late notice of appeal. On appeal, this court reversed and remanded where postconviction counsel failed to file a certificate demonstrating compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), and the record did not otherwise demonstrate compliance with Rule 651(c). *Schutz*, 2020 IL App (4th) 190056-U.

¶ 13       On remand, postconviction counsel, on July 9, 2021, filed a Rule 651(c) certificate. In the certificate, counsel provided that he (1) consulted with defendant, by mail or in person, or over telephone communication, to ascertain defendant's assertions of deprivation of constitutional rights; (2) examined the record of proceedings at trial; and (3) "stands on the previously filed petition (filed Nov. 1, 2018) of the Defendant's proceedings." At a July 9, 2021, hearing, the trial court took judicial notice of the State's November 2018 motion to dismiss the amended postconviction petition and set the matter for a hearing on the motion to dismiss.

¶ 14       At an August 10, 2021, hearing on the State's motion to dismiss the amended postconviction petition, the State asked the trial court to enter an order dismissing defendant's amended postconviction petition where defendant's conflict of interest claim was barred by *res judicata*. Defendant's postconviction counsel argued defendant's conflict of interest claim was not barred by *res judicata* where the issue in the November 2018 amended postconviction petition asserted an actual conflict of interest and the issue on direct appeal involved a *per se* conflict of interest. Counsel stated, "We have an actual conflict because something actually happened in between when [Foster] is representing both clients in this case. She has [defendant] waive his right to a jury trial." Further, counsel stated,

              "So, we believe that we have an actual conflict here rather

              then [*sic*] a *per se* conflict as dealt with in the Appellate Court.

- 4 -

That is the difference in this case, actual versus *per se*. And that is why we are resting on the petition as alleged, and would ask that this go to [a] third stage hearing."

¶ 15    Ultimately, the trial court dismissed defendant's amended postconviction petition because the court found the issue raised in the petition was barred by *res judicata*. Specifically, the court stated,

"The Court understands the positions of the parties and the Court has reviewed the file as well as the prior opinion from the Fourth District. And with regard to now the situation, the 651(c) certificate after it was filed, the petition was not amended, and so the issues remain. And with regard to that, even with regard to [postconviction counsel's] argument in terms of the Appellate Court addressing the *per se* conflict issue that they found that there was no *per se* conflict in terms of Ms. Foster's representation and now indicating there is an actual conflict, the Court agrees with the State in terms of this is information that was there. And with *res judicata*, it was not only issues that were raised, but could have been raised at the time the matter was up on appeal. And certainly this is an issue if it's not the same issue and it certainly appears to the Court to be very similar if not the same issue, just couched different. But even if it were a completely different issue, it was an issue that was readily available and known by the defendant at the time the appeal was filed with the Fourth District.

The Court finds that that is *res judicata*, an issue that could have been raised, and that is a basis for dismissal of the post-conviction petition. And so where the Court is at is I think that the issue has been raised. It is *res judicata* and the post-conviction petition will be dismissed."

¶ 16     This appeal followed.

¶ 17                              II. ANALYSIS

¶ 18     On appeal, defendant argues the trial court's dismissal of his amended postconviction petition should be reversed and the matter remanded for further second stage proceedings because he was denied reasonable assistance of postconviction counsel where counsel failed to comply with Rule 651(c). The State maintains postconviction counsel provided defendant with reasonable assistance. We affirm.

¶ 19     The Postconviction Act (725 ILCS 5/122-1 to 122-7 (West 2016)) provides a collateral means for a defendant to challenge a conviction or sentence for a violation of a federal or state constitutional right. *People v. Jones*, 211 Ill. 2d 140, 143, 809 N.E.2d 1233, 1236 (2004). At the first stage of postconviction proceedings, the trial court must determine, taking the allegations as true, whether the defendant's petition is frivolous or patently without merit. 725 ILCS 5/122-2.1(a)(2) (West 2016). At the second stage of postconviction proceedings, "the State may move to dismiss a petition or an amended petition pending before the court." *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1008 (2006). The defendant bears the burden of making a substantial showing of a constitutional violation. *Id.* at 473. "At the second stage of proceedings, all well-pleaded facts that are not positively rebutted by the trial record are to be

taken as true, and, in the event the circuit court dismisses the petition at that stage, we generally review the circuit court's decision using a *de novo* standard." *Id.*

¶ 20 The right to counsel in postconviction proceedings is wholly statutory, and petitioners are only entitled to the level of assistance provided for in the Postconviction Act. *People v. Suarez*, 224 Ill. 2d 37, 42, 862 N.E.2d 977, 979 (2007) (citing *People v. Turner*, 187 Ill. 2d 406, 410, 719 N.E.2d 725, 727-28 (1999)). "The [Postconviction] Act provides for a reasonable level of assistance." *Id.* (citing *People v. Flores*, 153 Ill. 2d 264, 276, 606 N.E.2d 1078, 1084 (1992)).

¶ 21 In order to assure a reasonable level of assistance, Rule 651(c) requires postconviction counsel (1) consult with petitioner by phone, mail, electronic means, or in person to ascertain his or her contentions of deprivation of constitutional rights, (2) examine the record of proceedings at the trial, and (3) make any amendments necessary to the *pro se* petition to adequately present petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Our supreme court has consistently held remand is required when postconviction counsel fails to complete any one of the above duties, regardless of whether the claims raised in the petition have merit. *Suarez*, 224 Ill. 2d at 47. Additionally, "[w]hile post-conviction counsel has an obligation to present a *petitioner's claims* in appropriate legal form, he is under no obligation to actively search for sources outside the record that might support general claims raised in a post-conviction petition." (Emphasis in original.) *People v. Johnson*, 154 Ill. 2d 227, 247, 609 N.E.2d 304, 314 (1993). On appeal, we review an attorney's compliance with Rule 651(c) *de novo*. *People v. Blanchard*, 2015 IL App (1st) 132281, ¶ 15, 43 N.E.3d 1077.

¶ 22 The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel complied with the requirements of the rule and provided reasonable

assistance. *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 26, 67 N.E.3d 976. Here, on remand, postconviction counsel filed a Rule 651(c) certificate, and thus there is a rebuttable presumption that postconviction counsel rendered reasonable assistance.

¶ 23        Defendant argues the record rebuts the presumption his postconviction counsel complied with Rule 651(c) and provided reasonable assistance. Defendant asserts his counsel failed to make amendments to his postconviction petition to assert his claims in proper legal form. See *People v. Nitz*, 2011 IL App (2d) 100031, ¶ 18, 959 N.E.2d 1258 ("Under Rule 651(c), postconviction counsel has an obligation to present a defendant's postconviction claims in the appropriate legal form, and the failure to do so constitutes unreasonable assistance."). Specifically, defendant argues that although postconviction counsel initially amended his *pro se* postconviction petition, counsel on remand failed to satisfy the requirements of Rule 651(c) where he did not make any amendments to the amended postconviction petition which presented a single claim barred by *res judicata*. Defendant provides Rule 651(c) requires counsel to amend a petition to avoid barred claims. See *People v. Schlosser*, 2012 IL App (1st) 092523, ¶ 22, 973 N.E.2d 960.

¶ 24        The State argues that while defendant is correct that the issue presented in his amended petition was barred by *res judicata* due to this court rejecting it on direct appeal, simply because counsel made an unsuccessful effort to distinguish the issue and advance the petition to the third stage does not constitute unreasonable assistance. Further, the State asserts that defendant fails to even attempt to suggest what additional measures postconviction counsel should have taken or identify what additional issues counsel should have raised. The State argues that, if anything, defendant is asking postconviction counsel to file a motion to withdraw

if this case gets remanded and the end result would still be dismissal of defendant's petition based on *res judicata*. We agree with the State.

¶ 25    On remand, postconviction counsel filed a Rule 651(c) certificate where counsel provided, in relevant part, he "stands on the previously filed petition (filed November 1, 2018) of the Defendant's proceedings." The amended postconviction petition alleged Foster represented defendant under a conflict of interest where "Kristopher Johnson was represented by Attorney Foster and disclosed information about [defendant's] case to Attorney Foster while Attorney Foster was still representing [defendant]." The State filed a motion to dismiss defendant's amended postconviction petition, arguing defendant's conflict of interest claim was barred by *res judicata*.

¶ 26    On remand the trial court held a hearing on the State's motion to dismiss the amended postconviction petition and postconviction counsel attempted to overcome the procedural bar to *res judicata* by arguing the issue in the amended postconviction petition was distinguishable from the issue decided on direct appeal. Specifically, counsel argued defendant's conflict of interest claim was not barred by *res judicata* because the issue in the November 2018 amended postconviction petition asserted an actual conflict of interest and the issue on direct appeal involved a *per se* conflict of interest. Counsel stated, "We have an actual conflict because something actually happened in between when [Foster] is representing both clients in this case. She has [defendant] waive his right to a jury trial." The trial court granted the State's motion to dismiss.

¶ 27    We find that while postconviction counsel's argument was ultimately unsuccessful, postconviction counsel provided reasonable assistance where he attempted to overcome the procedural bar of *res judicata*. See *People v. Anguiano*, 2013 IL App (1st)

113458, ¶ 44, 4 N.E.3d 483 ("Postconviction attorneys have a duty to attempt to overcome procedural bars, such as *** *res judicata*." Counsel demonstrated that he understood this procedural hurdle where he responded to the State's *res judicata* argument during the hearing on its motion and attempted to distinguish the issue in the amended petition from the issue decided on direct appeal. Defendant never asserts what additional steps counsel should have taken to overcome this procedural bar. Moreover, as the State points out, defendant never identifies any additional claims counsel should have raised. Therefore, although postconviction counsel's argument ultimately did not persuade the trial court, counsel's performance was not so deficient that he failed to provide a reasonable level of assistance. See *id.* ¶ 49.

¶ 28       Based on the record, we find postconviction counsel filed a Rule 651(c) certificate, which gave rise to the rebuttable presumption of reasonable assistance. Here, defendant has failed to demonstrate the record affirmatively rebuts this presumption. Accordingly, we conclude postconviction counsel provided reasonable assistance and complied with Rule 651(c). Therefore, we affirm the trial court's judgment.

¶ 29                                III. CONCLUSION

¶ 30       For the reasons stated, we affirm the trial court's judgment.

¶ 31       Affirmed.